WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irene Owens, | No. CV-18-02632-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Irene Owens' ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of her application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 13).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 14, 15, 18), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II below, the decision

is reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

## I. LEGAL STANDARDS

### A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id.*

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. § 404.1520(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to Step Two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to Step Three.
>
> **Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20

---

[1] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

C.F.R. § 404.1520(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. § 404.1520(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id*.

### B. Standard of Review Applicable to ALJ's Determination

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Although "substantial evidence" is less than a preponderance, it is more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and

---

[2] *Parra*, 481 F.3d at 746.

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). This is because the ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court also considers the harmless error doctrine when reviewing an ALJ's decision. This doctrine provides that an ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1953, has worked at Walgreens as a pharmacy technician and beauty advisor. (A.R. 40, 56, 190). In 2014, Plaintiff applied for disability insurance benefits. (A.R. 184-203). Plaintiff's applications alleged that on January 15, 2014, Plaintiff became limited in her ability to work due to conditions that include chronic pain and fatigue, dizziness, daily headaches, and depression. (A.R. 190, 193). Social Security denied the applications on February 19, 2015. (A.R. 100-03). In July 2015, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 108-10). Plaintiff sought further review by an ALJ, who conducted a hearing on May 24, 2017. (A.R. 36-59).

In her September 29, 2017 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 15-28). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On August 21, 2018, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

## B. The ALJ's Application of the Five-Step Disability Analysis

### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 15, 2014, the alleged onset date. (A.R. 18). Neither party disputes this determination.

### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: (i) status post cervical fusion 2011; (ii) degenerative disc disease of the thoracic spine; and (iii) degenerative joint disease of the left shoulder. (A.R. 18). This determination is undisputed.

### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 20). Neither party disputes the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff has retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff
> can only occasionally push or pull with her bilateral upper extremities. She is further limited to occasional reaching overhead with her bilateral upper extremities; occasional crawling; frequent balancing; never climbing ladders, ropes, or scaffolds; occasional exposure to dangerous machinery

with moving mechanical parts; and occasional exposure to
unprotected heights.

(A.R. 20). Based on the assessed RFC and testimony of the Vocational Expert ("VE") at the administrative hearing, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a pharmacy technician and beauty advisor. (A.R. 27-28). Plaintiff disputes this determination, asserting that the ALJ improperly weighed the opinions of her treating physicians and improperly discounted her testimony regarding her symptoms. (Doc. 14).

### 5. Step Five: Capacity to Perform Other Work

In light of the determination at Step Four that Plaintiff is not disabled, the ALJ did not make findings at Step Five.

### C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinions of Treating Physician Christopher Stalberg, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of doctors: (i) treating doctors, who actually treat the claimant; (2) examining doctors, who examine but do not treat the claimant; and (3) non-examining doctors, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining doctor's opinion in favor of another doctor's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *see also Batson*, 359 F.3d at 1195; *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Plaintiff's treating physician Christopher Stalberg, M.D. completed a Medical Assessment, dated October 20, 2014. (A.R. 581-82). Dr. Stalberg opined that Plaintiff

can sit, stand, or walk for less than two hours in an eight-hour workday. (A.R. 581). Dr. Stalberg also opined that Plaintiff can lift or carry less than ten pounds. (*Id.*). In addition, Dr. Stalberg stated that Plaintiff's medications cause sedation and dizziness. (A.R. 582). Dr. Stalberg assessed that Plaintiff would miss six or more days of work a month due to her medical conditions. (*Id.*). Dr. Stalberg's opinions may not be discounted without specific and legitimate reasons supported by substantial evidence in the record.[3]

In explaining why she discounted Dr. Stalberg's Medical Assessment, the ALJ stated:

> Some elements of Dr. Stalberg's opinion are vague and unhelpful, while other elements of the opinion simply lack evidential support. Such extreme limitations would render the claimant essentially bedridden, which is in conflict with the generally normal findings regarding the claimant's strength and the claimant's reported activities of daily living. It appears that this opinion was largely based on the claimant's subjective complaints (E.g. Exhibit 9F/23), as the limited clinical signs and imaging findings, discussed above, support far few limitations. The exact source of Dr. Stalberg's opinion is difficult to determine, however, because he did not provide any supporting evidence for his claims— he did little more than check boxes on a form. For these reasons, little his opinion [sic] merits little weight.

(A.R. 26). As explained below, the Court finds that the ALJ did not provide specific and legitimate reasons for discounting Dr. Stalberg's opinions.

First, an ALJ may not insert his or her interpretation of the results in place of an examining physician's opinion. *See also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is

---

[3] The specific and legitimate standard, not the clear and convincing standard, applies because Dr. Stalberg's opinions are contradicted by other acceptable medical sources. (A.R. 70-74, 90-96).

not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (citations omitted). Dr. Stalberg's Medical Assessment was completed on the same day that Dr. Stalberg examined Plaintiff. (A.R. 582, 628-29). The October 20, 2014 examination notes reflect that Dr. Stalberg diagnosed Plaintiff with chronic pain syndrome, depressive disorder, chronic fatigue, and cervical spine degeneration. (A.R. 628). Dr. Stalberg indicated on the Medical Assessment that his opinions regarding Plaintiff's limitations result from documented objective, clinical, or diagnostic findings. (A.R. 582). There is no evidence in the record suggesting that Dr. Stalberg relied on Plaintiff's subjective complaints, rather than on documented objective, clinical, or diagnostic findings, in completing the Medical Assessment. *See Ryan v. Commissioner of Social Security*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) (reversing an ALJ's decision and ordering payment of benefits where the ALJ improperly rejected the opinion of the examining psychiatrist whose opinions were based on the psychiatrist's mental status examination). In addition, the ALJ did not rely "explicitly upon substantial objective evidence of [Plaintiff's] lack of credibility" when explaining why Dr. Stalberg's opinions were discounted. *Calkins v. Astrue*, 384 F. App'x 613, 615 (9th Cir. 2010) (concluding that "an ALJ must be permitted to discount an opinion based principally upon a claimant's self-reporting if the record contains objective evidence that the self-reporting is not credible").

The Court finds that the ALJ's decision does not sufficiently explain the ALJ's reasons for concluding that the objective medical evidence does not support Dr. Stalberg's opinions. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (explaining that the Court cannot "speculate as to the grounds for the ALJ's conclusions"); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citation omitted); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").

Moreover, the Ninth Circuit has noted that "there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017). In *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017), the Ninth Circuit found that "the fact [a nurse practitioner], an 'other source,' provided information in a check-box form provides no reason to reject her opinions, much less a germane reason." In this circumstance, the Court finds that the ALJ erred in rejecting Dr. Stalberg's opinions on the ground that the opinions were presented in a "check-off" report. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

In addition, the ALJ's decision does not explain how Plaintiff's daily activities translate to the ability to sustain competitive employment on a full-time basis. *See Garrison*, 759 F.3d at 1016 (stating that the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day"); *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony"); *Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

For the above reasons, the Court finds that the ALJ improperly discounted Dr. Stalberg's opinions. This error is harmful and alone requires remand. As such, the Court does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

**D. The Case Will Be Remanded for an Award of Benefits**

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id*. at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to

award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Dr. Stalberg opined that Plaintiff can only stand for less than two hours in an eight-hour workday. (A.R. 581). At the administrative hearing, the VE testified that Plaintiff's past relevant work as a pharmacy technician and beauty advisor "require being on your feet the vast majority of the day, if not all[.]" (A.R. 57). The VE also testified that Plaintiff has no skills that would be transferable to a sedentary job. (*Id.*). The VE's testimony establishes that if Dr. Stalberg's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective January 15, 2014 (the disability onset date).

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective January 15, 2014.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 29th day of April, 2019.

*Eileen S. Willett*
United States Magistrate Judge